Judge: Christopher M. Alston
Chapter: Chapter 7

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Bankruptcy No. 16-12987-CMA |
| PARLOR BELLEVUE LLC., | Adversary Proceeding No. |
| Debtor. | |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Parlor Bellevue, LLC., | COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 AND 548 OF THE BANKRUPTCY CODE AND R.C.W. 19.40 ET. AL |
| Plaintiff. | |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

## I. INTRODUCTION

EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of the Parlor Bellevue, LLC., by and through his undersigned counsel, complains as set forth below.

## II. JURISDICTION AND VENUE

2.1  This is an action to avoid and recover fraudulent transfers.

2.2  The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

2.3  This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§ 105, 544, 547, 548 and 551.

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 1

2.4     This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington

2.5     Venue is proper under 28 U.S.C. § 1409.

### III.  PARTIES

3.1     <u>Debtor</u>. Parlor Bellevue, LLC. ("Parlor Bellevue" or "Debtor") filed a voluntary Chapter 7 petition on June 2, 2016 ("Petition Date").

3.2     <u>Trustee</u>. Edmund J. Wood ("Wood" or "Trustee") was appointed as the Chapter 7 Trustee for the case on June 2, 2016.  The Trustee is authorized to bring this action pursuant to §§105, 544, 548, and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for Parlor Bellevue.

3.3     <u>Defendant.</u> Amazon.com, Inc. ("Amazon")is incorporated in and conducts business in the State of Washington.

### IV. STATEMENT OF FACTS

4.1     Parlor Bellevue was incorporated in the State of Washington on December 10, 2004.  The sole member was continuously listed as Steven W. Olson ("Olson") until 2013, when an Annual Report was filed listing Parlor Entertainment Group, Inc. ("Entertainment") as the Manager.  The bankruptcy schedules list Entertainment as the 100% owner of Parlor Bellevue, with Olson as Parlor Bellevue's President.

4.2     Entertainment was incorporated in the State of Washington on November 27, 2012. On every Annual Report filed by Entertainment from January 2, 2013, through November of 2015, Entertainment lists Olson as the sole officer.  On March 31, 2017, the State of Washington administratively dissolved Entertainment.

4.3.    Parlor Seattle, LLC ("Parlor Seattle") was incorporated in the State of Washington September 9, 2013.  The Initial Report was filed with the State of

COMPLAINT

Page 2

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Washington on October 3, 2013. The Initial Report and all subsequent Annual Reports listed Entertainment as the Manager and Olson as the President. On February 3, 2017, the State of Washington administratively dissolved Parlor Seattle.

    4.4    On October 16, 2013, Parlor Seattle as sublessee, and 601 Pine Street Investment Group, Inc. ("Pine Street") as sublessor, entered a Sublease ("Sublease") for real property located at 1522 6th Avenue and 601 Pine Street, Seattle, Washington 98101 ("Seattle Location"). The date of possession was November 1, 2013. The lease was for 10.5 years with the rent for the first 12 months being $38,277.68.

    4.5    Parlor Seattle opened at the Seattle Location on June 9, 2014 and closed its doors on October 25, 2015.

    4.6    Parlor Bellevue made the following transfers in the following amount to the Amazon. All of the transfers were made for obligations owed by Parlor Seattle:

| Date | Name | Debit |
| --- | --- | --- |
| 02/24/2014 | Amazon.com | 2,539.14 |
| 02/15/2014 | Amazon.com | 1,692.76 |
| 07/09/2014 | Amazon.com | 1,530.82 |
| 04/30/2014 | Amazon.com | 1,255.59 |
| 01/26/2014 | Amazon.com | 1,214.40 |
| 04/30/2014 | Amazon.com | 999.98 |
| 02/25/2014 | Amazon.com | 846.38 |
| 02/28/2014 | Amazon.com | 815.39 |
| 05/08/2014 | Amazon.com | 795.39 |
| 03/06/2014 | Amazon.com | 773.26 |
| 06/29/2014 | Amazon.com | 666.98 |
| 03/22/2014 | Amazon.com | 591.25 |
| 03/15/2014 | Amazon.com | 553.46 |
| 02/14/2014 | Amazon.com | 532.23 |
| 04/16/2014 | Amazon.com | 495.36 |
| 10/06/2014 | Amazon.com | 442.57 |
| 03/19/2014 | Amazon.com | 402.00 |
| 06/29/2014 | Amazon.com | 401.41 |
| 05/06/2014 | Amazon.com | 329.78 |
| 02/06/2014 | Amazon.com | 261.97 |

COMPLAINT      **Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 3

Case 18-01090-CMA    Doc 1    Filed 06/01/18    Ent. 06/01/18 14:16:47    Pg. 3 of 8

| Date | Vendor | Amount |
|---|---|---|
| 03/06/2014 | Amazon.com | 236.77 |
| 06/21/2014 | Amazon.com | 232.20 |
| 06/13/2014 | Amazon.com | 230.48 |
| 09/26/2014 | Amazon.com | 230.14 |
| 09/22/2014 | Amazon.com | 229.95 |
| 05/26/2014 | Amazon.com | 223.70 |
| 05/26/2014 | Amazon.com | 223.70 |
| 08/22/2014 | Amazon.com | 221.55 |
| 01/12/2014 | Amazon.com | 221.52 |
| 01/14/2014 | Amazon.com | 221.52 |
| 05/16/2014 | Amazon.com | 220.40 |
| 10/03/2014 | Amazon.com | 196.98 |
| 05/26/2014 | Amazon.com | 186.66 |
| 06/19/2015 | Amazon.com | 158.79 |
| 06/11/2015 | Amazon.com | 147.50 |
| 03/21/2014 | Amazon.com | 147.44 |
| 04/30/2014 | Amazon.com | 134.98 |
| 06/06/2014 | Amazon.com | 122.67 |
| 06/21/2014 | Amazon.com | 111.84 |
| 06/05/2014 | Amazon.com | 107.94 |
| 01/02/2014 | Amazon.com | 106.58 |
| 01/17/2014 | Amazon.com | 99.96 |
| 03/20/2014 | Amazon.com | 96.39 |
| 01/17/2014 | Amazon.com | 96.03 |
| 06/12/2015 | Amazon.com | 86.83 |
| 05/29/2014 | Amazon.com | 84.94 |
| 02/15/2014 | Amazon.com | 79.90 |
| 07/07/2014 | Amazon.com | 77.97 |
| 07/17/2014 | Amazon.com | 76.74 |
| 02/28/2014 | Amazon.com | 75.49 |
| 02/08/2014 | Amazon.com | 73.05 |
| 05/23/2014 | Amazon.com | 72.03 |
| 09/26/2014 | Amazon.com | 70.18 |
| 02/15/2014 | Amazon.com | 66.60 |
| 03/19/2014 | Amazon.com | 61.96 |
| 10/08/2014 | Amazon.com | 59.38 |
| 03/18/2014 | Amazon.com | 58.92 |
| 06/06/2014 | Amazon.com | 55.47 |
| 10/31/2014 | Amazon.com | 53.93 |
| 07/09/2014 | Amazon.com | 53.61 |
| 07/10/2014 | Amazon.com | 52.53 |

COMPLAINT

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 4

| Date | Payee | Amount |
|---|---|---|
| 09/26/2014 | Amazon.com | 51.09 |
| 06/11/2014 | Amazon.com | 49.03 |
| 09/22/2014 | Amazon.com | 46.23 |
| 03/16/2014 | Amazon.com | 45.50 |
| 01/28/2014 | Amazon.com | 44.17 |
| 06/06/2014 | Amazon.com | 41.16 |
| 04/30/2014 | Amazon.com | 40.61 |
| 03/21/2014 | Amazon.com | 39.95 |
| 09/26/2014 | Amazon.com | 39.95 |
| 07/17/2014 | Amazon.com | 36.25 |
| 06/24/2014 | Amazon.com | 32.98 |
| 05/06/2014 | Amazon.com | 30.94 |
| 01/27/2014 | Amazon.com | 29.97 |
| 05/26/2014 | Amazon.com | 29.94 |
| 05/06/2014 | Amazon.com | 27.99 |
| 01/27/2014 | Amazon.com | 25.94 |
| 11/22/2014 | Amazon.com | 23.22 |
| 02/25/2014 | Amazon.com | 22.86 |
| 03/19/2014 | Amazon.com | 13.96 |
| 03/18/2014 | Amazon.com | 10.99 |
| 06/24/2014 | Amazon.com | 9.36 |
|  | Amazon.com Total | 23,197.43 |

4.7   The amount of the transfers listed above (hereafter, the "Transfers") total $23,197.43.

4.8   There may have been other transfers made by Parlor Bellevue to Amazon. The Trustee reserves the right to assert claims for recovery of additional transfers following discovery.

4.9   At all relevant times, Parlor Bellevue owed no obligation of any kind to Amazon and it had no obligation to pay the debts of Parlor Seattle. Parlor Bellevue did not receive reasonably equivalent value in exchange for the Transfers.

4.10   The Debtor was insolvent at all times relevant herein. The Debtor's bankruptcy schedules list no assets, and liabilities of $4,257,024.00.

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 5

4.11    The Debtor's bankruptcy schedules list no assets, and liabilities of $4,257,024.00.  The Debtor's financial statements from 2013 forward, with fixed assets valued at  fair liquidation value, show that the Debtor was insolvent at all relevant times.

4.12    Parlor Seattle was never adequately funded.  For unknown reasons Parlor Bellevue agreed to guarantee a substantial number of Parlor Seattle's obligations including its almost $40,000.00 per month lease and almost $2,000,000.00 in loans even though Parlor Seattle was already insolvent.

4.13    Parlor Bellevue  paid a substantial amount of Parlor Seattle's monthly obligations and as a result Parlor Bellevue was unable to pay its obligations as they became due. Because Parlor Bellevue paid Parlor Seattle debts, it was unable to pay its own obligations and incurred substantial debt, including approximately $1,000,000.00 it owed to the Parlor Bellevue landlord for rent.

4.14    The Transfers were made while the Debtor was insolvent or rendered the Debtor insolvent or with unreasonably small operating capital and left the Debtor without the ability to pay its debts as they became due.

### V.  FIRST CAUSE OF ACTION FRAUDULENT CONVEYANCES
### 11  U.S.C. §544 AND RCW 19.40.

5.1    The Transfers made by the Debtor to Defendant are avoidable pursuant to RCW 19.40.010 et. seq.

5.2    The Transfers by the Debtor to the Defendant were made with actual intent to hinder, delay or defraud creditors of the Debtor. Specifically, the Debtor was aware that it owed no funds to the Defendant for debts Parlor Seattle owed and knew that paying this Defendant approximately $23,000.00 would hinder, delay or impair its ability to pay obligations owed to its legitimate creditors.

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Page 6

Case 18-01090-CMA    Doc 1    Filed 06/01/18    Ent. 06/01/18 14:16:47    Pg. 6 of 8

5.3 The Transfers by the Debtor to the Defendant were made without the Debtor receiving reasonably equivalent value in exchange for the Transfers.

5.4 The Transfers by the Debtor to the Defendant caused the Debtor to engage or thereafter engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

5.5 The Transfers by the Debtor to the Defendant should have caused the Debtor to believe that it would incur debts beyond its ability to pay as they became due.

5.6 The Debtor was insolvent on the date of each and every one of the Transfers. Alternatively, the Debtor became insolvent as a result of the Transfers.

## VI. SECOND CAUSE OF ACTION: FRAUDULENT TRANSFERS UNDER § 548 OF THE BANKRUPTCY CODE

6.1 The Transfers were made to and/or for the benefit of the Defendant.

6.2 The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

6.3 The Debtor was insolvent on the date of each of the Transfers.

6.4 The Transfers to the Defendant were made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted before or after the date of the Transfers. Specifically, the Debtor was aware that it owed no funds to the Defendant for obligations incurred by Parlor Seattle and knew that paying this Defendant approximately $23,000.00 would hinder, delay or impair its ability to pay obligations owed to its legitimate creditors.

6.5 The Transfers to the Defendant are therefore avoidable pursuant to 11 U.S.C. §548.

6.6 The Trustee may recover the value of the Transfers, in an amount of no less than $23,197.43, from the Defendant, under 11 U.S.C. §550.

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 7

Case 18-01090-CMA    Doc 1    Filed 06/01/18    Ent. 06/01/18 14:16:47    Pg. 7 of 8

## VII. PRAYER FOR RELIEF

The Trustee asks for the following relief:

7.1 That the Court find the transfers of the Debtor's property as set forth above constituted fraudulent transfers pursuant to §§544, 548 and RCW 19.40. et. seq. that should be avoided.

7.2 Entry of a money judgment in favor of the Plaintiff and against the Defendant, for an amount of not less than $23,197.43.

7.3 That the Court enter an order consistent with this Complaint, and for such other relief as the Court deems just and equitable.

Dated this 1st day of June 2018.

| WOOD & JONES, P.S. | WENOKUR RIORDAN PLLC |
|---|---|
| /s/ Denice Moewes | /s/ Alan J. Wenokur |
| Denice Moewes, WSBA #19464 | Alan J. Wenokur, WSBA#13679 |
| Attorneys for Chapter 7 Trustee | Special Counsel for Trustee |
| Edmund J. Wood | Edmund J. Wood |

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 8

Case 18-01090-CMA    Doc 1    Filed 06/01/18    Ent. 06/01/18 14:16:47    Pg. 8 of 8